# IN THE UNITED STATES DISTRICT COURT

# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| APRIL SKOW, | CASE NO. 1:14-cv-00901-CCC-GBC |
| Plaintiff, | (JUDGE CONNER) |
| v. | (MAGISTRATE JUDGE COHN) |
| CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY, | REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S APPEAL |
| Defendant. | Docs. 1, 6, 7, 8, 10 |

## **REPORT AND RECOMMENDATION**

### I.   Procedural Background

On March 21, 2011, April Skow ("Plaintiff") protectively filed an application as a claimant for disability insurance benefits under Title II of the Social Security Act, with a date last insured of June 30, 2012,[1] and with an alleged disability onset of October 4, 2008. (Administrative Transcript (Doc. 7),

---

[1] Disability insurance benefits are paid to an individual if that individual is disabled and "insured," that is, the individual has worked long enough and paid social security taxes. The last date that a claimant meets the requirements of being insured is commonly referred to as the "date last insured."

hereinafter, "Tr." at 10, 40, 49, 85).  On May 20, 2011, Plaintiff's claim was denied at the initial level of administrative review.  (Tr. 50-54).  At Plaintiff's request, on December 11, 2012, an administrative law judge ("ALJ") held a hearing at which Plaintiff, who was represented by an attorney, and a vocational expert appeared and testified.  (Tr. 20-39).  On December 11, 2012, the ALJ found that Plaintiff was not disabled and not entitled to benefits.  (Tr. 7-19).  On February 5, 2013, Plaintiff filed a request for review with the Appeals Council (Tr. 5-6), which the Appeals Council denied on March 24, 2014, thereby affirming the decision of the ALJ as the "final decision" of the Commissioner.  (Tr. 1-4).

On May 9, 2014, Plaintiff filed the above-captioned action pursuant to 42 U.S.C. § 405(g) and pursuant to 42 U.S.C. § 1383(c)(3), to appeal a decision of the Commissioner of the Social Security Administration denying social security benefits.  (Doc. 1).  On June 4, 2014, the Commissioner ("Defendant") filed an answer and an administrative transcript of proceedings.  (Docs. 6, 7).  On August 4, 2014, Plaintiff filed a brief in support of the appeal ("Pl. Brief") (Doc. 8).  On September 5, 2014, Defendant filed a brief in response.  (Doc. 9 ("Def. Brief")).  On November 5, 2014, the Court referred this case to the undersigned Magistrate

Judge.  On November 17, 2014, Plaintiff filed a letter notifying the Court that a reply brief would not be filed.  (Doc. 11).

## II. Relevant Facts in the Record

Plaintiff was born on March 16, 1968, (Tr. 40) and thus was classified by the regulations as a younger person through the date of the ALJ decision on December 11, 2012.  *See* 20 C.F.R. § 404.1563(c).  The highest level of education Plaintiff completed is the eighth grade.  (Tr. 135).  Plaintiff's previous work includes a bus driver from 2002 to 2004; a factory worker in 2005; an elder care worker in 2006; a janitor from 2006 to 2007; and, lawn maintenance worker in 2008.  (Tr. 25, 97-100, 136).  Plaintiff indicated that as of January 1, 1992, her condition became severe enough to keep her from working and she stopped working on October 4, 2008, due to being laid off.  (Tr. 135).  Plaintiff alleges disability due to a combination of impairments including Lyme disease, a heart murmur, and an affective disorder.  (Tr. 40); Pl. Brief at 2.

## A. Relevant Treatment History and Medical Opinions[2]

### 1. Skylands Medical Group: Gary J. Arvary, M.D.; Eugene A. Cullen, M.D.; Joaquin E. Gonzalez-Melquiades, PA-C

On June 11, 2008, Plaintiff sought treatment for a "horse fly" bite that she had gotten the day prior, which was itchy and swollen. (Tr. 175-178). Mr. Gonzalez-Melquiades, working under Dr. Cullen, noted that Plaintiff did not have a heart murmur, the bilateral straight leg test was negative, and no tenderness in the back. (Tr. 178). Plaintiff specifically denied any musculoskeletal pain, weakness, or fatigue (Tr. 178). Plaintiff also denied ant cardiac complaints, chest pain/pressure, dizziness and palpitations. (Tr. 178). In a brief treatment record dated August 10, 2009, Dr. Arvary prescribed Doxycycline for thirty days. (Tr. 175).

In a treatment record dated June 9, 2011, Plaintiff reported experiencing acute bilateral arm and hip pain and stated that she thought the return of the symptoms was related to Lyme disease. (Tr. 173). Plaintiff reported that the

---

[2] The Court notes that the medical record is sparse, consisting of eight pages from the May 2011 consultative examination and twelve pages from Plaintiff's treating physicians covering a few visits over a span of years. (Tr. 163-182).

symptoms started six months prior and that she did not have insurance for laboratory tests. (Tr. 173). Dr. Arvary noted that Plaintiff's neck psychiatric, and cardiovascular examinations were unremarkable did not have any mass or spasm. (Tr. 174). Dr. Arvary diagnosed Plaintiff with Lyme disease and prescribed Plaintiff with Doxycycline. (Tr. 173). An undated treatment record lists Plaintiff's allergies which include Doxycycline causing paresthesias to the hands in December 2006, an allergy to Penicillin dated December 2006 and in December 2006, Ultram made her jittery. (Tr. 171). The record also notes that Plaintiff started Doxycycline on August 10, 2009. (Tr. 171).

### 2. Dale Weisman, M.D.: Consultative Examination, May 10, 2011

In May 2011, Plaintiff reported that she had been diagnosed with and treated for Lyme disease 19 years prior and since that time had "intermittent flare-ups" of shoulder, elbow, and hip pain. (Tr. 163). Plaintiff reported that she had not seen a doctor in the last three years, but her symptoms have gotten progressively worse. (Tr. 163).

Dr. Weisman found that Plaintiff exhibited a normal gait and station. (Tr. 164). Plaintiff had no joint deformities. (Tr. 164). Further, she had a slightly

reduced range of motion in her shoulders and elbows, full range of motion in her wrists, fair range of motion in her hips, but reported pain with extreme hip flexion, and near full range of motion in her spine. (Tr. 164, 166-67). Plaintiff had full motor strength in her upper and lower extremities and near full (four out of five) grip strength. (Tr. 164).

Dr. Weisman noted that Plaintiff's asthma was under good control; her lung sounds were clear upon examination; and she smoked a pack of cigarettes a day. (Tr. 164). Dr. Weisman assessed that Plaintiff had a history of Lyme disease and intermittent myalgia and arthralgia of her shoulders, elbows, and hips. (Tr. 165). Dr. Weisman opined that Plaintiff could lift and carry ten pounds; had no limitation in her ability to sit; could stand, walk between two to six hours in an eight hour workday; could occasionally stoop, crouch, kneel, and bend; and had reaching limitations, but no limitations in her ability to handle, finger, and feel. (Tr. 168-69).

### III.   Legal Standards and Review of ALJ Decision

To receive disability or supplemental security benefits, a claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of

any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *accord* 42 U.S.C. § 1382c(a)(3)(A).  A claimant for disability benefits must show that he or she has a physical or mental impairment of such a severity that:

> [H]e is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 423(d)(2)(A); 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner uses a five-step evaluation process to determine if a person is eligible for disability benefits.  20 C.F.R. § 404.1520; *accord Plummer*, 186 F.3d at 428.  If the Commissioner finds that a Plaintiff is disabled or not disabled at any point in the sequence, review does not proceed.  20 C.F.R. § 404.1520(a)(4).  The Commissioner must sequentially determine: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets or equals a listed

impairment; (4) whether the claimant's impairment prevents the claimant from doing past relevant work; and (5) whether the claimant's impairment prevents the claimant from doing any other work. 20 C.F.R. §§ 404.1520, 416.920. Before moving on to step four in this process, the ALJ must also determine Plaintiff's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e).

The disability determination involves shifting burdens of proof. The claimant bears the burden of proof at steps one through four. *See Mason v. Shalala*, 994 F.2d 1058, 1064 (3d Cir. 1993). If the claimant satisfies this burden, then the Commissioner must show at step five that jobs exist in the national economy that a person with the claimant's abilities, age, education, and work experience can perform. *Id.* The ultimate burden of proving disability within the meaning of the Act lies with the plaintiff. *See* 42 U.S.C. § 423(d)(5)(A); 20 C.F.R. § 416.912(a).

When reviewing the Commissioner's decision denying a claim for disability benefits, the Court must uphold the findings of the Commissioner so long as those findings are supported by substantial evidence. *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988); *Johnson v. Comm'r of Soc. Sec.*, 529 F.3d 198, 200 (3d Cir.

2008).  Substantial evidence is a deferential standard of review.  *See Jones v. Barnhart*, 364 F.3d 501, 503 (3d Cir. 2004).  Substantial evidence "does not mean a large or considerable amount of evidence, but rather 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *Pierce v. Underwood*, 487 U.S. 552, 564 (1988) (quoting *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).  Substantial evidence requires only 'more than a mere scintilla' of evidence, *Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir. 1999) (quoting *Ventura v. Shalala*, 55 F.3d 900, 901 (3d Cir. 1995)), and may be less than a preponderance.  *Jones*, 364 F.3d at 503.  If a reasonable mind might accept the relevant evidence as adequate to support a conclusion reached by the Commissioner, then the Commissioner's determination is supported by substantial evidence.  *Monsour Med. Ctr. v. Heckler*, 806 F.2d 1185, 1190 (3d Cir. 1986); *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999); *Johnson*, 529 F.3d at 200.

### A.   Residual Functional Capacity

In support of her appeal Plaintiff states:

Plaintiff presented sufficient evidence that documented problems with her joints related to Lyme's disease. The Plaintiff's treatment is limited because she lacked insurance and, thus, sporadically treated with her

> primary care physician. However, her complaints were consistent throughout her notes and consistent with those presented to the Consultative Examiner.

Pl. Brief at 7. Plaintiff also argues that "the evidence of record demonstrates that the Plaintiff would have difficulty using her hands for handling, feeling and fingering." Pl. Brief at 8. Plaintiff does not argue that the ALJ's decision was not supported by substantial evidence, rather Plaintiff argues for the Court to reweigh the evidence in Plaintiff's favor. The Court finds that "a reasonable mind might accept the relevant evidence as adequate to support a conclusion reached" and thus the ALJ's decision is supported by substantial evidence. *See Monsour Med. Ctr. v. Heckler*, 806 F.2d 1185, 1190 (3d Cir. 1986); *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999); *Johnson*, 529 F.3d at 200.

Although Plaintiff argues that there was "sufficient evidence that documented problems with her joints related to Lyme's disease," ultimately, the outcome of the case depends on the demonstration of the functional limitations of the disease or impairment rather than the mere diagnosis of the disease or name of the impairment. *See Walker v. Barnhart*, 172 F. App'x 423, 426 (3d Cir. 2006) (citing to *Alexander v. Shalala*, 927 F. Supp. 785, 792 (D.N.J. 1995) *aff'd sub nom.*

*Alexander v. Comm'r of Soc. Sec.*, 85 F.3d 611 (3d Cir. 1996)).  Moreover, although there was testimonial evidence regarding Plaintiff's reduced function in her hands, there was also evidence that Plaintiff had full motor strength in her upper and lower extremities, had a grip strength rated at four out of five, was able to lift and carry ten pounds, and Plaintiff did not have any limitations in her ability to handle, finger, and feel.  (Tr. 164-69).  In this instance the ALJ reasonably relied on the evidence from Dr. Weisman which described Plaintiff's physical abilities.  The ALJ observed that:

> [Plaintiff] acknowledged that she had not sought medical treatment in three years, but asserted her symptoms had progressively worsened. She reported taking Advil (two or three pills, three to four times a day). She claimed to have been limited to lifting up to 10 pounds and walking two to three blocks. She complained of intermittent asthma and seasonal allergies, but acknowledged she did not use any inhalers. Physical examination showed normal gait/station, with no joint deformities. She had slightly decreased range of motion of the left shoulder with discomfort on rotation of the left elbow. Grip strength was slightly reduced to 4/5. Other motor strength was within normal limits. There also was some pain with extreme hip flexion. Impressions were history of Lyme Disease, history of asthma, and intermittent myalgias/arthralgias.

(Tr. 14).  The ALJ accurately characterized Plaintiff's symptoms and functional limitations.

The ALJ also noted that Plaintiff "contended she had been unable to pursue medical treatment due to lack of insurance." (Tr. 14). An ALJ may reject a claimant's subjective testimony that is not found credible so long as there is an explanation for the rejection of the testimony. SSR 96-7p, *Schaudeck v. Comm'r of Social Security*, 181 F.3d 429, 433 (3d Cir. 1999). An ALJ may treat a claimant's frequency or intensity of treatment, or noncompliance with a treatment plan as factors in analyzing the credibility of the claimant's testimony. *See Smith v. Astrue*, 961 F. Supp. 2d 620, 654 (D. Del. 2013). Specifically, Social Security Ruling ("SSR") 96-7p requires that:

> the adjudicator must not draw any inferences about an individual's symptoms and their functional effects from a failure to seek or pursue regular medical treatment without first considering any explanations that the individual may provide, *or other information in the case record, that may explain infrequent or irregular medical visits or failure to seek medical treatment*.

SSR 96-7p (emphasis added). In this instance, the ALJ noted Plaintiff's lack of insurance as a reason for not perusing medical treatment. (Tr. 14). The ALJ also noted Plaintiff sought treatment for a horse fly bite in June 2008 prior to her onset of October 4, 2008, then sought treatment for acute bilateral arm and hip pain June

2011. There is no other expert medical opinion that contradicts that of Dr. Weisman regarding the abilities and limitations of Plaintiff. In this case, it was reasonable for the ALJ to rely on the expert opinion of Dr. Weisman in determining Plaintiff's residual functional capacity.

## IV. Recommendation

Therefore, the Court finds that the ALJ made the required specific findings of fact in determining whether Plaintiff met the criteria for disability, and the findings were supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3); *Brown*, 845 F.2d at 1213; *Johnson*, 529 F.3d at 200; *Pierce*, 487 U.S. at 552; *Hartranft*, 181 F.3d at 360; *Plummer*, 186 F.3d at 427; *Jones*, 364 F.3d at 503. Substantial evidence is less than a preponderance of the evidence, but more than a mere scintilla of evidence. It does not mean a large or significant amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Thus, if a reasonable mind might accept the relevant evidence as adequate to support the conclusion reached by the Acting Commissioner, then the Acting

Commissioner's determination is supported by substantial evidence and stands. *Monsour Med. Ctr.*, 806 F.2d at 1190. Here, a reasonable mind might accept the relevant evidence as adequate.

Accordingly, it is HEREBY RECOMMENDED:

I. This appeal be DENIED, as the ALJ's decision is supported by substantial evidence; and

II. The Clerk of Court close this case.

The parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a Magistrate Judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the Magistrate Judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall

///
///
///
///
///
///
///
///

apply. A Judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The Judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The Judge may also receive further evidence, recall witnesses or recommit the matter to the Magistrate Judge with instructions.

Dated: June 16, 2015                              s/Gerald B. Cohn
                                                GERALD B. COHN
                                        UNITED STATES MAGISTRATE JUDGE